Judge Ewing
delivered the Opinion in this case—in the decision 0p which the Chief Justice took no part.
Smrp and Williams, as co-partners in printing, in 1823, did various jobs of pi'inting for Haskin, and the account being drawn off, was presented to him for settlement, in 1824, by Shipp. The account was closed, and the note of Haskin taken for one hundred and forty-two dollars qnd fifty cents, payable in dollars. The note afterwards *615 fell into the hands of McKee, by assignment, and judgment was recovered thereon against Haskin. He filed his bill enjoining about one half of the amount, making McKee and Shipp and Williams defendants, and alleging, that the note, through mistake, was given for dollars, when it should have been given for Commonwealth’s dollars. The injunction was afterwards dissolved, and he amended his bill, alleging the fact, and praying for a decree against Shipp and Williams, for the amount of the excess of specie dollars over Commonwealth’s dollars, which he alleged was one half.
To entitle a party to relief iit cb’y, opon the' ground that specie is required in payment of his note given for a debt that was payable in depreciated Bank paper, he must allege and proveí that there was fraud or mistake, in giving the note.
Proof that a party to whom a note was given for specie, was in the habit of taking Comth’s paper, for services like those for which the note was given, and would have taken it rather than the note, is not sufficient.
He obtained a decree in the Circuit Court, and Shipp and Williams have brought the case to this Court.
It has been frequently settled, by this Court, that to éntitle a complainant to redress, upon the ground alleged, he must clearly and satisfactorily prove, that there was a mistake or fraud in the execution of the note. That has not been done in this case. Indeed there is no direct evidence whatever, that the complainant misapprehended the true import of the note when he made it; or that the parties intended that it should be drawn in other or different terms, from those which it imports on its face. The account exhibited by the complainant is charged in dollars, and was receipted and surrendered up to him when the transaction was closed.
It is true, it is proven that the defendants were in the habit of receiving Commonwealth’s paper for their work, at par, and it is made clearly to appear, that they would have received from the complainant, that description of money, had such been tendered. But it does not follow from thence, that they were willing to take a note payable in such currency. If paid, it might then have been made available to the defendants, for its nominal amount in specie. If noted, and to be paid in future, they might not have been willing to subject themselves to the future uncertain fluctuations of that currency, which might or might not, when paid, have been available to them.-
But waiving these considerations, there seems to be another insuperable objection to the complainant’s right of recovery.
To entitlea com' plainant to a decree against the original obligee of a note, which has been assigned to another, upon the ground of mistake in giving the note for more than was duo— the comp’t must allege,and prove-, that he has paid the money to the assignee: proof that he has replevied the debt, is not enough.— Nor can he avail himself of proof of payment,without a corresponding allegation in his bill.
He does not allege in his bill, or pretend in his proof; to have paid off the note. Now, as the only basis of his right of recovery is, that he has paid money, to the defendants, or for their use, through mistake, or fraud in the execution of the note, he must show that he has paid it, before his right of action accrues. He has no equity to exact a return of the money until he has paid it.
But it appears by an execution exhibited in the record, that the complainant has, perhaps, replevied the debt to McKee’s executor; and it is contended, that as the replevin will rescue the .defendants from responsibility on their assignment, the complainant ought to succeed against them. It is not alleged in the bill that the debt has been replevied, and proof, without allegation, avails nothing. But if it were alleged and proven, it would not, we think, avail the complainant. Plis equitable right to ask the defendants to refund, does not rest upon his having technically rescued them from responsibility, by replevying the debt; but upon his having paid the debt which he became legally bound to pay, but which equitably he ought not have paid. He may never pay, notwithstanding the replevin. And if he does not, he surely has no equity to exact repayment to him. He must recover, if at all, upon the strength of his own equity, and not upon the fact that he, by replevying the debt, has rescued the defendants from McKee’s recourse upon them, upon their assignment.
It is, therefore, decred, that the decree of the Circuit Court be reversed, and the cause remanded, that the bill may be dismissed.